IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN R. HUGHES, DORIS JEAN HUGHES,
his wife, and PAUL R. CLARK, individually,
and HUGHES & CLARK, a Partnership,

    Plaintiffs,

    vs.                                  No. CIV 98-0846 JC/WWD

MWCA, INC., an Idaho Corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant's Motion to Dismiss Complaint for Ejectment and Damages, filed November 16, 1998 *(Doc. 4)*. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is well taken in part, and will be granted conditionally.

**I.**    **Background**

This case arises out of conflicting claims to the rights to a deposit of red pumice (also known as volcanic scoria) contained in a tract of land in Rio Arriba County, New Mexico known as "Red Hill." Plaintiffs claim the exclusive rights to enter, access, and mine red pumice from Red Hill. Plaintiffs allege that MWCA has been entering Red Hill and mining and removing the red pumice from 1988 until the present, in violation of Plaintiffs' rights. Defendant asserts that the United States of America owns the mineral rights to Red Hill, and that Defendant purchased the red pumice and

the accompanying rights to extract and remove the minerals by contract with the United States Department of the Interior.

Defendant has filed this motion to dismiss for failure to join a necessary and indispensable party. *See* FED. R. CIV. P. 12(b)(7) and 19. Defendant's motion claims that Plaintiffs are seeking to adjudicate the United States' ownership rights indirectly, and that this Court is without jurisdiction to try these claims against the United States. According to Defendant, any relief awarded to Plaintiffs would necessarily require a finding that Plaintiffs, and not the United States, owned the mineral rights to Red Hill. Because the United States' title would be clouded by any judgment for Plaintiffs, Defendant claims that the United States is an indispensable party and the suit must be dismissed.

## II.     Analysis

A party seeking to dismiss an action for failure to join a necessary and indispensable party under Rule 12(b)(7) has the burden of persuasion in establishing the two-part test of indispensability set out in Rule 19. *See Rishell v. Jane Phillips Episcopal Mem. Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996). Under Rule 19(a), the moving party must first show that an absent party is necessary and should be joined if feasible. *See* FED. R. CIV. P. 19(a). If the absent party is necessary but cannot be joined, the moving party must then establish under Rule 19(b) that the suit should be dismissed instead of proceeding without the absent party. *See* FED. R. CIV. P. 19(b). The moving party may present evidence outside the pleadings in order to show the nature of a third-party's interest that would be impaired if the action were to proceed. *See Citizen Band Potawatomi Indian Tribe v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994).

A party should be joined if feasible under Rule 19(a) if one of three grounds is established. *See Rishell*, 94 F.3d at 1411. These three grounds for deeming a party necessary are:

1) if complete relief would not be available to the parties in the suit without joining the absent party,

2) if the absent party has an interest related to the suit that would, as a practical matter, be impaired by that party's absence, and

3) if any of the parties already in the suit would be subject to a substantial risk of multiple or inconsistent obligations due to the absence of the other party.

*See id.* (citing Rule 19(a)).

Defendant has established that the United States is a necessary party by meeting the second of these tests. The United States is asserting title to the mineral estate under Red Hill, as evidenced by its contracts to sell red pumice. Any judgment for Plaintiffs would require the finding that they were entitled to the mineral rights, and would therefore be a cloud on the title of the United States. *Cf. Skeen v. Lynch*, 48 F.2d 1044, 1046 (10th Cir. 1931) (holding that the United States is an indispensable party to a suit brought by the owner of the surface estate against the holder of an oil prospecting permit issued by the United States on the grounds that any judgment for the plaintiffs would be a cloud on the United States' title).

Having found that the United States should be joined as a party if feasible, I must decide whether the United States can be joined in this action. Plaintiffs point to the Federal Quiet Title Act, 28 U.S.C. §§ 2409a and 1346(f), in support of their position that the United States can be joined in this action. That act permits the United States to be named as a defendant in a civil action to adjudicate a disputed title to real estate, and it vests this court with original jurisdiction. *See id.* §§ 2409a & 1346(f). I agree that the United States could be joined in a quiet title action. But Plaintiffs seek ejectment and monetary damages in their amended complaint. Plaintiffs cite no

authority for the proposition that the Federal Quiet Title Act waives sovereign immunity for suits seeking such relief. I do not read *United States v. Bedford Associates*, 657 F.2d 1300, 1316 (2d Cir. 1981), to support the proposition that actions seeking damages for ejectment, trespass, and conversion are included under the waiver of sovereign immunity. *Bedford Associates* involved an action brought by Bowery Savings Bank to quiet title to a building and foreclose a mortgage against the interests of the United States as a tenant. *See id.* at 1303. Although the *Bedford Associates* court used sweeping language to describe the types of suits envisioned by Congress in enacting the Federal Quiet Title Act ("almost any variety of suit concerning interests in land," *id.* at 1316), it is clear from careful reading that the court considered only declaratory actions adjudicating the respective rights of the parties in real property. *See id.* Other courts have held that complaints seeking other types of relief are not included within the waiver of sovereign immunity. *See Mafrige v. United States*, 893 F. Supp. 691, 700 (S.D. Tex. 1995) (reformation of deed not authorized by the Federal Quiet Title Act). Because the Federal Quiet Title Act is a waiver of sovereign immunity, limitations on that waiver must be strictly construed in favor of the United States. *See Fulcher v. United States*, 696 F.2d 1073, 1076 (4th Cir. 1982). Accordingly, I conclude the United States cannot be joined unless Plaintiffs amend their complaint to bring a quiet title action.

Defendant does not point to any reason why Plaintiffs could not amend their complaint to assert a quiet title cause of action against the United States. Consistent with Rule 15, I will grant Plaintiffs leave to amend their complaint a second time if they desire to proceed in this manner. *See* FED. R. CIV. P. 15. Plaintiffs' Second Amended Complaint may continue to assert the same causes of action for ejectment, trespass and conversion against Defendant MWCA, Inc.

If Plaintiffs do not amend their complaint to join the United States as a party, the Amended Complaint *(Doc. 3)* must be dismissed for failure to join a necessary and indispensable party. In analyzing the factors for determining indispensability in Rule 19(b), I give the greatest weight to whether I can grant Plaintiffs any relief in view of the sovereign immunity of the United States. *See Enterprise Mgmt. Consultants, Inc. v. United States ex rel. Hodel*, 883 F. 2d 890, 894 (10th Cir. 1989) (holding that court has little room for balancing other Rule 19(b) factors where sovereign immunity prevents a necessary party from being joined). *Cf. Jota v. Texaco Inc.*, 157 F.3d 153, 162 (2d Cir. 1998) (court had discretion under Rule 19(b) to dismiss only those portions of the complaint that would infringe on the sovereign interests of Ecuador).

Plaintiffs cannot recover under any of the theories that they advance without a finding that their title to the mineral rights in question is superior to that of the United States. Any judgment for Plaintiffs would cloud the title that the United States claims, in violation of this Court's jurisdiction. Under these circumstances, Rule 19(b) gives me no alternative but to find the United States to be an indispensable party that cannot be joined under the operative complaint. Therefore, all claims shall be dismissed unless Plaintiffs amend their complaint to join the United States. *See Kress v. Local 776, Int'l Bhd. of Teamsters*, 42 F.R.D. 643, 647 (M.D. Pa. 1967); *Rosen v. Texas Co.*, 161 F. Supp. 55, 59 (S.D.N.Y. 1958) (conditionally granting motion to dismiss unless plaintiff amends complaint to join the necessary and indispensable party).

### III. Conclusion

Wherefore,

**IT IS ORDERED** that Defendant's Motion to Dismiss Complaint for Ejectment and Damages, filed November 16, 1998 *(Doc. 4)* shall be granted, and Plaintiffs' Amended Complaint

dismissed without prejudice, unless Plaintiffs file and serve within twenty days an amended complaint that includes a cause of action brought under the Federal Quiet Title Act, 28 U.S.C. § 2409a and 28 U.S.C. § 1346(f), and adds the United States of America as a defendant to that claim.

**IT IS FURTHER ORDERED** that Plaintiffs are granted leave to serve and file an amended complaint as described in the preceding paragraph.

DATED this 13th day of January, 1999.

```
                                    /s/ John Edwards Conway
                                    CHIEF UNITED STATES DISTRICT JUDGE
```

| | |
|---|---|
| Counsel for Plaintiffs: | Lee Deschamps<br>Rancho de Taos, New Mexico |
| | Jeffery L. Thomason<br>Eagle Nest, New Mexico |
| Counsel for Defendant: | Bradford C. Berge<br>Campbell, Carr, Berge & Sheridan, P.A.<br>Santa Fe, New Mexico |
| | Perry L. Glantz<br>Holland & Hart, L.L.P.<br>Greenwood Village, Colorado |