# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN R. HUGHES, et al.,

    Plaintiffs,

  -vs-                                      No. CIV 98-0846 JC/WWD (ACE)

MWCA, INC., an Idaho Corporation, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants MWCA's and United States' (Defendants) Joint Motion for Summary Judgment, filed January 11, 2000 *(Doc. 63)*. Defendants jointly move for summary judgment with respect to the claims stated in the Second Amended Complaint for Ejectment and Damages (Second Amended Complaint), filed February 1, 1999 *(Doc. 11)*.

## I.    **Background**

In 1928 and 1929, the United States issued two land patents to private individuals under the Stock-Raising Homestead Act (SRHA) for land in Rio Arriba County, New Mexico. Exs. E and F (attached to Mem. in Supp. of Defs.' Joint Mot. for Summ. J., filed Jan. 11, 2000 *(Doc. 64)*). Those patents covered a parcel of land containing a volcanic cinder cone known as Red Hill. *Id*. The land patents reserved to the United States "all coal and other minerals in the lands." *Id*. The plaintiff partnership of Hughes & Clark is apparently the successor-in-interest of the land patents. Second Am. Compl. at ¶ 17. In 1953, Plaintiffs John Hughes, Oscar McLind, J. O. Sawyer, and Ona Sawyer

staked and located a claim to the minerals at Red Hill. *Id*. at ¶ 21. Plaintiffs subsequently staked a placer mining claim in 1993 also located at Red Hill. *Id*. at ¶ 23.

Beginning in 1988, the United States entered into a series of contracts with Defendant MWCA which allowed Defendant MWCA to mine volcanic scoria from Red Hill. Plaintiffs allege that by virtue of their land patents and mining claims they hold the right to mine all minerals at Red Hill including the scoria. *Id*. at ¶ 32. Consequently, Plaintiffs brought this suit to quiet title and for ejectment, restitution, trespass, and conversion.

## II.   Standard for Summary Judgment

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting FED. R. CIV. P. 1). Under FED. R. CIV. P. 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law. *Thrasher v. B & B Chemical Co., Inc.*, 2 F.3d 995, 996 (10th Cir. 1993). The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Once the movant meets this burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id*. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

**III. Discussion**

    **A.    Plaintiffs' Claim Under the Land Patents**

Plaintiffs concede that there is no issue of material fact with respect to their land patent claim to the scoria. Instead, Plaintiffs argue that there is a legal issue as to whether the scoria was reserved to the United States in the patents. 43 U.S.C. § 299(a) states that land patents issued under SRHA

> shall be subject to and contain a reservation to the United States of all the coal and other minerals in the lands so entered and patented, together with the right to prospect for, mine, and remove the same. The coal and other mineral deposits in such lands shall be subject to disposal by the United States in accordance with the provisions of the coal and mineral land laws in force at the time of such disposal.

The land patents at issue in this case reflect the reservation language of § 299(a). This reservation language demonstrates Congress' intent that homesteaders use the surface of SRHA lands for stock-raising and raising crops while "valuable subsurface resources would remain subject to disposition by the United States, under the general mining laws or otherwise to persons interested in exploiting them." *Watt v. Western Nuclear, Inc.*, 462 U.S. 36, 47 (1983). As a matter of law, there is no question that under the SRHA, the United States reserved subsurface minerals found at Red Hill. The issue then becomes whether scoria is a mineral subject to reservation by the United States.

The mineral reservation under the SRHA and the land patents includes "substances that are mineral in character (i.e., that are inorganic), that can be removed from the soil, that can be used for commercial purposes, and that there is no reason to suppose were intended to be included in the surface estate." *Id*. at 53. In other words, the substance must be one that can be taken from the soil and has a separate value. *Id*. at 54. In this case, it is undisputed that scoria is an inorganic material which can be removed from the soil and used for such commercial purposes as landscaping, road

building, and as barbeque briquettes. Moreover, there is no reason to believe that the scoria at Red Hill was intended to be included in the surface estate. Additionally, administrative decisions by the Department of Interior have previously found scoria to be a mineral reserved to the United States under the SRHA. *See Mobil Oil Corp.*, 79 IBLA 76, 78 (1984); *Pacific Power & Light Co.*, 45 IBLA 127, 134 (1980). Since these administrative decisions are based on permissible constructions of the SRHA, I will give them "considerable weight" and deference. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-44 (1984). Furthermore, the Court notes that land grants are construed in the government's favor, and any doubts are resolved in the government's favor as well. *Watts*, 462 U.S. at 59 (citation omitted). The above discussion leads me to conclude that as a matter of law the scoria mined at Red Hill is a mineral reserved to the United States under the SRHA. Consequently, Plaintiffs cannot rely on their SRHA land patents to claim an ownership interest in the scoria. *See id.* at 54 n.14 (title to the reserved mineral "rests with the United States rather than with the owner of the surface estate, and that if the latter wishes to extract the substance and sell it or use it for commercial purposes, he must first acquire the right to do so from the United States"). Summary judgment is, therefore, appropriate on the land patents claim to the scoria.

### B. Plaintiffs' Claims Under the General Mining Laws

Plaintiffs argue that a question of law exists as to whether Congress intended to remove scoria reserved to the United States under the SRHA from the general mining laws. Plaintiffs also argue that there is a question of material fact as to whether the scoria is a "common variety" mineral and so excluded from the Surface Resources Act of 1955. I will begin my discussion with an examination of Plaintiffs' proposed legal question.

Plaintiffs assert that the two general mining laws at issue, the Materials Act of 1947 and the Surface Resources Act of 1955, do not entitle the United States to allow others to extract the Red Hill scoria because these two acts pertain to only public lands.[1] Notwithstanding that the general mining laws apply to public lands, "Congress plainly contemplated that mineral deposits on SRHA lands would be subject to location under the mining laws, and the Department of the Interior has consistently permitted prospectors to make entries under the mining laws on SRHA lands." *Watts*, 462 U.S. at 51. Even so, the mineral estates reserved to the United States under the SRHA are "'lands belonging to the United States'" and so are public lands subject to the general mining laws. *Id*. at 51 n.12. I can only conclude as a matter of law that the general mining laws apply to mineral estates reserved to the United States under the SRHA.

The remaining issue in this case is whether the scoria is a "common variety" and so is excluded from the Surface Resources Act of 1955. Under the Surface Resources Act of 1955

> 'Common varieties' as used in this subchapter and sections 601 and 603 of this title does not include deposits of such materials which are valuable because the deposit has some property giving it distinct and special value. . . .

32 U.S.C. § 611. 43 C.F.R. § 3711.1(b) further defines common varieties as

> deposits which, although they may have value for use in trade, manufacture, the sciences, or in the mechanical or ornamental arts, <u>do not possess a distinct, special economic value for such use over and above the normal uses of the general run of such deposits</u>. Mineral materials which occur commonly shall not be deemed to be 'common varieties' if a particular deposit has distinct and special properties making it commercially valuable for use in a manufacturing, industrial, or processing operation. In the determination of commercial value, such factors may be considered as quality and quantity of the deposit, geographical location, proximity to market or point of utilization, accessibility to transportation, requirements for reasonable

---

[1] Section 299(a) of the SRHA states that: "The coal and other mineral deposits in such lands shall be subject to disposal by the United States <u>in accordance with the provisions of the coal and mineral land laws in force at the time of such disposal</u>." Emphasis added.

> reserves consistent with usual industry practices to serve existing or proposed mining and removal of the material.

Emphasis added.

Defendants' expert geologist, Robert Larson, stated in his expert's report that "there are no unique and special properties which gives this material special value relative to scoria being mined in other locations in New Mexico, Colorado, Utah, Arizona or Idaho." Ex. B (attached to Mem. in Supp. of Defs.' Joint Mot. for Summ. J., filed Jan. 11, 2000 *(Doc. 64)*). Plaintiffs' expert, Roger Steininger, Ph.D., testified in his deposition that he has no knowledge that the scoria mine at Red Hill has any unique property nor could he comment on whether the mine has any distinct and special value because he had not been to the site. Ex. G at 13-14, 17 (attached to United States' Reply Mem. in Supp. of Joint Mot. for Summ. J., filed Feb. 14, 2000 *(Doc. 75)*). Dr. Steininger also testified that he had not seen or read anything that would suggest that the scoria from Red Hill has distinct and special value. *Id*. at 14, 17, 22. Accordingly, Dr. Steininger could not comment on whether the scoria is a common variety or a unique variety. *Id*. at 14. However, Dr. Steininger did not "in general terms" disagree with Mr. Larson's report on the scoria. *Id*. at 21. Based on the above evidence, I find that Defendants have carried their initial burden of showing there is an absence of evidence to support Plaintiffs' claim that the scoria at Red Hill is distinct and special. Plaintiffs have failed to show that the issue of whether the scoria at Red Hill is a common variety is a genuine issue for trial. Summary judgment is, therefore, appropriate on Plaintiffs' mining claim. Because Plaintiffs have no interest in the subsurface minerals of Red Hill, their entire Second Amended Complaint fails, and summary judgment will be entered dismissing this cause.

Wherefore,

IT IS ORDERED that Defendants' Joint Motion for Summary Judgment, filed January 11, 2000 *(Doc. 63)*, is **granted** and this matter **dismissed** with prejudice.

DATED this 10th day of March, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiffs: | Lee Deschamps<br>Rancho de Taos, New Mexico |
| | Jeffery L. Thomason<br>Eagle Nest, New Mexico |
| Counsel for United States: | John W. Zavitz<br>Assistant U. S. Attorney<br>U. S. Attorney's Office<br>District of New Mexico<br>Albuquerque, New Mexico |
| Counsel for MWCA: | Bradford C. Berge<br>Campbell, Carr, Berge & Sheridan<br>Santa Fe, New Mexico |
| | Perry L. Glantz<br>Holland & Hart<br>Greenwood Village, Colorado |