IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN R. HUGHES, et al.,

    Plaintiffs,

  -vs-                                                            No. CIV 98-0846 JC/WWD  (ACE)

MWCA, INC., an Idaho Corporation, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Plaintiffs' Motion for Reconsideration, filed March 29, 2000 *(Doc. 89)*. Plaintiffs request that the Court reconsider and amend its March 10, 2000 Memorandum Opinion and Order *(Doc. 88 )* granting summary judgment in favor of Defendants MWCA and United States. The Court has reviewed the motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Plaintiffs' motion is not well taken and will be denied.

**I.**    **Standard for Reconsideration**

Plaintiffs bring this motion pursuant to FED. R. CIV. P. 59(e), which preserves the district court's right to alter or amend a judgment after the judgment is entered. Whether to grant or deny a motion for reconsideration "is committed to the district court's sound discretion." *Phelps v. Hamilton,* 122 F. 3d 1309, 1324 (10th Cir. 1997). A Rule 59(e) motion to alter or amend the judgment should be granted "only to correct manifest errors of law or to present newly discovered evidence." *Id.* at 1324. In determining what is manifest error for purposes of Rule 59(e), courts have

found that mere disagreement with a court's findings does not constitute manifest error. *See, e.g., F.D.I.C. v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss 1993).

It is well established that a Rule 59(e) motion may not be used to relitigate old matters. WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2810.1 at 127-28 (1995). Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. *Id.* at 124. In practice, Rule 59(e) motions are typically denied because of this narrow purpose. *See id.* at 124.

## II      Discussion

Plaintiffs seek reconsideration of this Court's dismissal of their Second Amended Complaint *(Doc. 11)* on two grounds. First, Plaintiffs contend that the Court failed to consider Plaintiffs' claim of legal title to access of the minerals at Red Hill and their claim of trespass upon this alleged title against Defendants. Second, Plaintiffs contend that the Court has misapprehended their position with respect to the general mining laws of the United States that govern the disposal of the minerals in question. Specifically, Plaintiffs assert that the Court has not considered their challenge to the government's disposal by sale of the minerals. All of these issues were considered and disposed of, either directly or indirectly, in this Court's Memorandum Opinion and Order, filed on March 10, 2000 *(Doc. 89)*.

### A.      Plaintiffs' claim of legal title to access of the minerals and claim of trespass upon alleged title

The Court disposed of these claims in finding that, as a matter of law, Plaintiffs have no interest in the volcanic scoria at Red Hill. The land patents in this case were issued to Plaintiffs pursuant to the Stock-Raising Homestead Act (SRHA). Under the SRHA, these patents "shall be

subject to and contain a reservation to the United States of all coal and other minerals in the lands so entered and patented, *together with the right to prospect for and remove the same.*" 43 U.S.C. § 299(a) (emphasis added).  Therefore, Plaintiffs cannot rely on the SRHA land patents to claim an interest in the scoria, because such rights belong to the United States.  Accordingly, any express reservation of access contained in the 1958 deed to the Garcias, in which Plaintiffs purport to have created a private right of way to the minerals, is ineffective.

Having ruled, as a matter of law, that Plaintiffs could not have reserved access rights to a mineral estate they do not own, it is unnecessary for the Court to consider Plaintiffs' trespass claim, as it is premised upon Plaintiffs having title to such access rights.  The Court finds no manifest error of law nor presentation of newly discovered evidence warranting reconsideration of these issues.

**B.     Plaintiffs' position with respect to the general
        mining laws of the United States governing the
        disposal of the minerals**

Plaintiffs also contend that this Court has misapprehended their position with respect to the general mining laws of the United States.  Specifically at issue are the laws governing the method of disposal of the minerals at Red Hill.  This Court held as a matter of law that the volcanic scoria at Red Hill is a common variety material and, as such, is subject to disposal by the United States under the Surface Resources Act of 1955 (SRA). 32 U.S.C. § 611.  Accordingly, this Court considered and disposed of Plaintiffs' contention that the SRA does not apply to the minerals and that the minerals are locatable as placer claims.

Plaintiffs also assert a right to challenge the *sale* of the minerals by the government.  The fact that Plaintiffs paid rent on placer claims is irrelevant because the placer claims are invalid.  The remaining issue of whether Plaintiffs have a right to challenge the United States' sales process based

on their placer claims was resolved when this Court found that Plaintiffs have no interest in the minerals at Red Hill. This Court did not misapprehend Plaintiffs' position with respect to the general mining laws; Plaintiffs' position was considered and rejected. There is no manifest error of law in need of correction or newly discovered evidence warranting reconsideration of these issues. In sum, I find that the Motion for Reconsideration should be denied.

Wherefore,

IT IS ORDERED that Plaintiffs' Motion for Reconsideration, filed March 20, 2000 *(Doc. 10)*, is **denied**.

DATED 21st day of August, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiffs: | Lee Deschamps<br>Rancho de Taos, New Mexico<br><br>Jeffery L. Thomason<br>Eagle Nest, New Mexico |
| Counsel for United States: | John W. Zavitz<br>Assistant U. S. Attorney<br>U. S. Attorney's Office<br>District of New Mexico<br>Albuquerque, New Mexico |
| Counsel for MWCA: | Bradford C. Berge<br>Campbell, Carr, Berge & Sheridan<br>Santa Fe, New Mexico<br><br>Perry L. Glantz<br>Holland & Hart<br>Greenwood Village, Colorado |