**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOHN R. HUGHES, et al.,

    Plaintiffs,

   -vs-                                                           No. CIV 98-0846 JC/WWD  (ACE)

MWCA, INC., an Idaho Corporation, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiffs' Objection to Clerk's Order Settling Costs, filed June 5, 2000 *(Doc. 106)*. Plaintiffs contest the portion of the Clerk's Order Settling Costs, filed May 26, 2000 *(Doc. 104)*, which allows for Defendant MWCA Inc.'s recovery of $1,227.71 for copying costs. Plaintiffs argue that D.N.M.LR-Civ. 54.2 (e) limits the taxable costs of copying to exhibits "requested by the Court or when the copy is admitted into evidence in place of an original." Plaintiffs also argue that even if D.N.M.LR-Civ. 54.2 (e) does not limit what copying costs are taxable, Defendant MWCA, Inc. cannot recover copying costs because it fails to meet 28 U.S.C. § 1920(4)'s requirement that the copies be "necessarily obtained for use in the case...."

Under § 1920(4), copying costs are recoverable for "copies of papers necessarily obtained for use in the case." Local Rule 54.2(e) provides for taxation of the costs of copying an exhibit when the exhibit is requested by the Court or when a copy, in place of the original, is admitted into evidence. Plaintiffs misunderstand the interrelation of the applicable federal statute and local rule and the scope of the local rule. By its own terms, Local Rule 54.2(e) applies only to costs of copies of exhibits. Any other copying cost falls under the general standard of § 1920(4). Accordingly, the copying costs issue in this case focuses on whether Defendant MWCA, Inc.'s copies of papers were "necessarily obtained for use in the case."

It is up to the court's discretion to determine what costs are reasonably necessary for the litigation. *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1476 (10th Cir. 1997). "[I]f materials or services are reasonably necessary for use in the case even though not used at trial, the court can find necessity and award the recovery of costs." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998) (citation omitted). "[I]t is ordinarily best to judge reasonable necessity under § 1920 in light of the facts known to the parties at the time the expenses were incurred...." *Id.* at 1340 (citations omitted). Actual use of the copied materials is the most direct evidence of necessity. *United States Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1246 (10th Cir. 1988). Moreover, once the court finds that the costs were necessary to the litigation, the court must still find that the amount of the costs is reasonable before an award can be made. *Id.* at 1245.

Here, Bradford Berge indicated in his amended affidavit that the copies were "necessarily obtained for use in the case and copies of essential filings with the Court by MWCA, Inc....." Am. Aff. by Bradford C. Berge at ¶ 4 (attached to Def. MWCA, Inc.'s Am. Cost Bill, filed April 11, 2000 *(Doc. 95)*). This conclusory statement simply fails to demonstrate that the copying costs were necessary to the litigation and does not show that the amount of the copying costs was reasonable. For these reasons, I find that Defendant MWCA, Inc.'s request for copying costs should be denied.

Wherefore,

IT IS ORDERED that Plaintiffs' Objection to Clerk's Order Settling Costs, filed June 5, 2000 *(Doc. 106)*, is well taken, and Defendant MWCA, Inc.'s request for copying costs in the amount of $1,227.71 is denied.

DATED this 21st day of August, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**